**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MERRICK BANK** **PLAINTIFF**

**v.** **CASE NO. 4:26CV00395 JM**

**SUPERIOR RV SALES & SERVICE INC.** **DEFENDANT**

**ORDER**

Pending is Plaintiff's Petition for Attorney Fees and Costs. There has been no response to the motion as the Defendant is in default. The motion is granted in part and denied in part.

A fee award is calculated based upon the "lodestar" determination, the starting point of which is the number of hours reasonably spent multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Eighth Circuit Court of Appeals also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974)): (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Hensley*, 461 U.S. at 434. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

**I. Requested Hourly Rates**

The Court finds the hourly rates of Sarah S. Mattingly, Caitlin Grimes, Alexander Gardner, Timothy L. Binetti, Autumn C. Burnett, and Joel F. Bornkamp to be slightly more than the market rate in Little Rock. Counsel have not provided information regarding their experience and expertise in the area of law and, in fact, the case did not require exceptional expertise. Therefore, the hourly rates will be reduced accordingly.

**II. Number of Hours**

After review of the billing entries, the Court finds that approximately 17 hours billed by Ms. Mattingly and Ms. Grimes are duplicative. Considering the case was an unopposed contract action, the Court will trim the number of hours to reflect the complexity of the matter.

**III. Costs**

Plaintiff seeks costs in the amount of $168. 17. Plaintiff states that Exhibit B contains a detailed list of the costs. However, there is no information on the bill for $150.00 from NIC Arkansas. The invoice for FedEx Priority Overnight delivery of $18.17 is clear. Costs of $18.17 will be taxed to the Defendant.

The Court finds an award of $15,018.17 to be the appropriate lodestar amount. After careful review, the Court finds Plaintiff is entitled to $15,000.00 in attorneys' fees and $18.17 in expenses for mailing, for a total of $15,018.17.

In conclusion, Plaintiff's Petition for Attorney Fees and Costs (Dkt. No. 8) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 3rd day of November, 2026.

James M. Moody Jr
United States District Judge